**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| Michael Cozzi, Vincent Cozzi, and Angeline Cozzi,<br><br>     Plaintiffs,<br><br>v.<br><br>Village of Melrose Park, an Illinois Municipal Corporation, and Ronald Serpico, in his individual capacity,<br><br>     Defendants. | Case No: 1:21−cv−00998<br><br>Jury Trial Demanded |

**PLAINTIFFS' STATEMENT TO THE COURT PURSUANT TO DOCKET NO. 16**

PURSUANT TO this Court's April 5, 2021 Order [Dkt. No. 16], Plaintiffs jointly and respectfully request that this Honorable Court allow Plaintiff's count for Administrative Review to proceed to avoid future motion practice alleging "claim-splitting" for having two pending parallel state court and federal court cases regarding the same subject matter.

In support of their statement, Plaintiffs state as follows:

1. On or about December 1, 2020, Plaintiffs began receiving almost daily $500 ordinance citations by Defendant Village of Melrose Park.

2. This action was filed on February 22, 2021.

3. Plaintiffs timely filed a Motion to Vacate the Default Order entered against them to exhaust any of their administrative remedies. *See People v. NL Indus.*, 152 Ill.2d 82, 95-96, 604 N.E.2d 349, 354 (1992)(Where an administrative agency is properly exercising its authority within its jurisdiction, all administrative remedies available through the agency must be exhausted before relief can be sought in the courts.)

4. On or about March 2, 2021, the VMP denied Plaintiffs Motion to Vacate and dismissed the other 27 tickets finding the Plaintiffs were "now in compliance."

5. On March 23, 2021, Plaintiffs timely filed an amended complaint to add in a separate count for administrative review. *See Coleman v. Illinois Racing Bd.*, 124 Ill.2d 218, 221, 529 N.E.2d 520, 522 (1988)(Once an administrative agency has issued a final decision, the decision and the record are subject to judicial review to ensure the final decision was not arbitrary, capricious, or against the manifest weight of the evidence).

6. Plaintiffs chose to file this administrative review count in federal court rather than in Cook County's Circuit Court to avoid the Defendants later arguing that Plaintiffs engaged in claim-splitting. *See also Simonsen v. Bd. of Educ.*, Slip Op. No. 01C3081, 2003 U.S. Dist. Lexis 23303 *6 (N.D. Ill. Dec. 23, 2003) (To discourage claim splitting, a plaintiff is entitled to whichever judgment is rendered first, and the second court simply dismisses the case pursuant to the doctrine of claim preclusion).

7. Plaintiffs' attorneys have been down this road with Defendants VMP and Serpico in a separate case involving an administrative review complaint and a separate lawsuit that Defendants removed to federal court. *See Scatchell v. VMP*, 1:20-cv-01045.

8. The prohibition against claim splitting is an application of the familiar doctrine of claim preclusion to two actions that are pending simultaneously and have not reached final judgment. Courts will dismiss a second suit pending between the same parties for claim splitting if the second suit would be barred by claim preclusion if it is assumed the first suit reached final judgment. *Receivership Mgt. v. AEU Holdings, LLC*, Slip Op. No. 18C8167, 2019 U.S. Dist. LEXIS 150278 *37-38 (N.D. Ill. Sept. 4, 2019) (citations omitted).

9. The Defendants argued that the Plaintiff in *Scatchell v. VMP et al* should have sought to amend the administrative complaint to add the later-filed civil rights claims instead of filing a separate court action.

10. Accordingly, Plaintiffs assert that here, unlike in *Scatchell v. VMP et al.*, both the administrative review count and other counts all arise from the same set of operative facts because the ordinance violations contained in Plaintiffs' original complaint are the very violations that Plaintiffs now seek administrative relief. the administrative review count also addresses the propriety of the ordinance violations. *See Brzostowski v. Laidlaw Waste Sys.*, 49 F.3d 337 (7th Cir. 1995)(The court expressly noted that a claim has identity with a previously litigated matter if it emerges from the same core of operative facts as the earlier action). This rationale applies here because the administrative review count and the instant lawsuit both address the propriety of the ordinance violations.

11. Defendants' conduct in the hearings and the dismissal of the tickets violate Plaintiffs' civil rights including their due process rights as Plaintiffs did not have an opportunity to scrutinize the record concerning the evidence that Defendants relied, they did not testify, nor were they allowed the opportunity to introduce contrary testimony.

12. Consequently, Plaintiffs' property will now have a lien put against their paid-off home for nearly $20,000.00 based on the VMP's arbitrary denial to grant Plaintiffs' Motion to Set Aside the Default Order.

13. The dismissal of the remaining tickets was for an arbitrary reason as the VMP dismissed the tickets based on "compliance." In reality, nothing had changed in front of the Plaintiffs' residence.

14. Additionally, the parties are all involved and may be properly joined in one lawsuit.

**15.** Moreover, as Plaintiffs assert in their Amended Complaint, the VMP runs its administrative court system "behind an iron curtain," where there is zero transparency into Defendants' decision-making protocol, post adjudicatory relief, and the transcripts or evidence used to deny Plaintiffs' Motion to Set Aside the Default Order.

**16.** Plaintiffs filed the administrative review count in federal court in the interests of judicial economy and to avoid the overlap in the issues, duplicate litigation, and potential inconsistent resolution of identical issues; whereas, simultaneously pursuing these same claims in state and federal court will result in one of the two courts will be spinning its wheels, needlessly.

**17.** This Court could exercise supplemental jurisdiction over this state law claim.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order allowing Plaintiffs Count for Administrative Review to be added to the instant lawsuit and that the Court grant such further and additional relief as the Court deems just and proper.

Respectfully submitted,

Michael Cozzi, Vincent Cozzi, Angeline Cozzi

/s/ Gianna R. Scatchell
/s/ Cass T. Casper
/s/ Navarrio Wilkerson

By:_____

Gianna R. Scatchell, Esq.
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 330
F: (312) 846-6363
E: gia@dispartilaw.com

Cass T. Casper, Esq.
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 506-5511 ext. 331
F: (312) 846-6363

E: ccasper@dispartilaw.com

Navarrio Wilkerson
DISPARTI LAW GROUP, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, Illinois 60601
E: navarrio@dispartilaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing Complaint was filed on this Court's CM/ECF filing system on April 12, 2021 and that such counsels are all registered e-filers.

/s/ Gianna Scatchell

_____

One of Plaintiffs' Attorneys