## UNITED STATES DISTRICT COURT
### IN THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MICHAEL COZZI, et al.         )
                                   )

Plaintiffs,               )
                                   )

v.                          )     Case No. 21 CV 00998
                                   )

VILLAGE OF MELROSE PARK,   )
et al.,                  )
                                 )

Defendants.             )

## DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COME the Defendants, the VILLAGE OF MELROSE PARK and Mayor RONALD SERPICO by and through their attorney Cynthia S. Grandfield of Del Galdo Law Group, LLC, and in support of their motion to dismiss argue:

The Cozzis, who reside in Melrose Park, bring a series of claims regarding alleged citations in relation to their residence. The amended complaint contains the following counts: (1) §1983 Class-of-One Equal Protection Claim (Plaintiffs v. all Defendants); (2) §1983 Due Process Claim (Evangeline and Vincent v. All Defendants); (3) §1983 Deprivation of First Amendment Rights (All Plaintiffs v. All Defendants); (4) §1983 Policy to Retaliate against Plaintiffs to Suppress their First Amendment Rights (Plaintiffs v. Village); (5) a state law Illinois Administrative Review Act claim (Plaintiffs Vincent and Angeline v. Village, Dept. of Admin. Hearings, & Dept. of Code Enforcement); (6) a state law claim for Indemnification (Plaintiffs v. Village). See generally Dkt. No. 14.

The amended complaint suffers from several defects in several counts with respect to several parties. Specifically: (1) the "Department of Administrative Hearings" and "Department of Code Enforcement" are not suable entities under §1983 and must be dismissed from Counts I to III; (2) damage to reputation is not a deprivation of liberty within the meaning of due process and must be dismissed to the extent relied upon in Count II; (3) Mayor Serpico must be dismissed from Count II's Due Process claim for failure to allege sufficient personal involvement; (4) "Arranging [of] chairs" and "Christmas decorations and lights" is not speech protected by the First Amendment and should be stricken and dismissed to the extent relied upon in Count III; and (5) Count IV First Amendment policy claim should be dismissed for failure to make out a *Monell* violation.

I.     *"Department of Administrative Hearings" and "Department of Code Enforcement" are not suable entities under §1983 (Counts I-III).*

Counts I through III are §1983 claims that state that they are brought against "All Defendants." However, the Cozzis list the "Department of Administrative Hearings" and "Department of Code Enforcement" as Defendants. They are presumably listed in relation to Count V's Administrative Review Act claim. See, e.g., 735 ILCS 5/3-101 (definition of "administrative agency"); 735 ILCS 5/3-107(a)(describing "Defendants").

But the "Department of Administrative Hearings" and "Department of Code Enforcement" are not a suable entity much like a municipal police or fire department is not a suable entity separate from the municipality with respect to §1983. They are not entities independent of the Village with their own legal

existence.  See Best v. City of Portland, 554 F. 3d 698, 698 n.1 (7th Cir. 2009)
(Dismissing section 1983 claim against Chicago Police Department because "a police
department is not a suable entity under section 1983"); Posey v. Pruger, 762 F.
Supp. 2d 1086, 1089-1090 (N.D. Ill. 2011) (Acknowledging "long-standing precedent"
that the Chicago Police Department "is not a suable entity because it exists as a city
government department completely controlled by the City and [is] without an
independent legal existence" to dismiss plaintiff's section 1983 claim); Manos v.
Caira, 162 F. Supp. 2d 979, 992 (N.D. Ill. 2001) (Noting that the Village of Elmwood
Park's Police Department "is merely a department within its governing body" and
therefore holding that "all claims against the Elmwood Park Police Department are
dismissed with prejudice"); Magnuson v. Cassarella, 812 F. Supp. 824, 827-828
(N.D. Ill. 1992) (Reciting rule that in order to "be sued in Illinois, a defendant must
have a legal existence, either natural or artificial" to hold that the Cook County
Police Department "does not enjoy a separate legal existence apart from the Sheriff
of Cook County, and therefore is not a suable entity"); Jordan v. City of Chicago,
Dept. of Police, 505 F. Supp. 1, 3-4 (N.D. Ill. 1980) (Dismissing Chicago Police
Department from action and holding that the "Chicago Police Department is not a
suable entity, but merely a department of the City of Chicago which does not have a
separate legal existence"); Lalowski v. City of Des Plaines, 2010 WL 145860 at *2-3
(N.D. Ill. 2010) (Noting that it "is well-established in Illinois that a police
department is not a suable entity, even regarding claims arising under section
1983" to hold that the Des Plaines Board of Fire & Police Commissioners was also

3

"not an independent suable entity"); <u>Ferguson v. Patton</u>, 2013 IL 112488, ¶ 30

((citing Stevanovic v. City of Chicago, 385 Ill. App. 3d 630, 631 (1st Dist. 2008)

("noting dismissal of Chicago fire department as a defendant in a negligence action

against the City on the grounds that the department itself was not a legal entity

separate from the City")).

Thus, the "Department of Administrative Hearings" and the "Department of

Code Enforcement" must be dismissed from Counts I to III.

## II.    *Damage to Reputation is not a Deprivation of Liberty with respect to Due Process as alleged by Evangeline and Vincent (Count II).*

In Count II, Evangeline and Vincent allege that they suffered a deprivation of

liberty by damage to their "good reputation" in relation to due process.  <u>See</u> Dkt. No.

19, ¶130.   The Supreme Court and the Seventh Circuit has held for years that

damages to reputation alone are not a protected liberty interest absent it being

related to something such as not being able to pursue employment in a chosen field

under a "stigma-plus" analysis.  <u>See</u> <u>Hinkle v. White</u>, 793 F.3d 764, 767 (7th Cir.

2015); <u>Doyle v. Camelot Care Centers, Inc.</u>, 305 F.3d 603, 617 (7th Cir. 2002).

Thus, Count II must be dismissed to the extent that it relies on Evangeline

and Vincent's "deprivation of liberty" in relation to their "good reputation" as part of

the Due Process claim.

## III.    *Serpico must be dismissed from the Due Process Claim for failure to allege personal involvement (Count II).*

Section 1983 creates a cause of action based on personal liability and

predicated on fault, so to be held liable, an individual must have caused or

participated in a constitutional deprivation. <u>Kuhn v. Goodlow</u>, 678 F.3d 552, 556 (7th Cir. 2012); <u>Pepper v. Village of Oak Park</u>, 430 F.3d 805, 810 (7th Cir. 2005). "Individual liability under §1983 requires 'personal involvement in the alleged constitutional deprivation.'" <u>Minix v. Canarecci</u>, 597 F.3d 824, 833 (7th Cir. 2010)(*quoting* <u>Palmer v. Marion County</u>, 327 F.3d 588, 594 (7th Cir. 2003).) "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for §1983 recovery." <u>Gentry v. Duckworth</u>, 65 F.3d 555, 561 (7th Cir. 1995). To survive a motion to dismiss, Evangeline and Vincent "must plead factual content that allows the [C]ourt to draw a reasonable inference." <u>McCauley v. City of Chicago</u>, 671 F.3d 611, 616-617 (7th Cir. 2011). Boilerplate allegations entirely lacking in any factual support are insufficient and must be dismissed. <u>McTigue v. City of Chicago</u>, 60 F.3d 381, 382-383 (7th Cir. 1995). Further, because the doctrine of respondeat superior (blanket supervisory liability) does not apply to actions filed under § 1983, a plaintiff must allege that an individual defendant, through his own conduct, violated the Constitution. See <u>Perez v. Fenoglio</u>, 792 F.3d 768, 781 (7th Cir.2015).

Evangeline and Vincent also allege that they were deprived of a variety of procedural due process rights in Count II. See Dkt. No. 14, ¶132. This Count again states that it is against "All Defendants." However, there are no facts from which to conclude Mayor Serpico was "personally responsible" for the deprivation of Cozzis' procedural due process rights. Instead, the allegations all center around the acts of the Village, which makes sense because a hearing officer, not the Mayor, conducts

the hearings on citations as part of its administrative hearing system.  <u>See</u> Village Code 1.08.010 – 1.08.140.[1]

Mayor Serpico should be dismissed from Count II for failure to sufficiently allege his personal involvement in relation to the alleged procedural due process violations.

IV.   *"Arranging [of] chairs" and "Christmas decorations and lights" are not First Amendment protected speech (Count III)*

The First Amendment forbids the abridgment of speech, including the spoken or written word and some forms of conduct. <u>Vines v. Board of Educ. of Zion School Dist. No. 6</u>, 2002 WL 58815, *3 (N.D.Ill. Jan.14, 2002) (*citing* <u>Texas v. Johnson</u>, 491 U.S. 397 (1989)). The First Amendment protects conduct, symbols, and non-verbal speech which attempt to express an idea or convey a message that will likely be understood by the viewer. <u>Clark v. Community for Creative Non–Violence</u>, 468 U.S. 288, 296 (1984); <u>Spence v. State of Washington</u>, 418 U.S. 405, 409–411 (1974).

In Count III, the Cozzis allege several categories of speech or expression that they contend are protected by the First Amendment as "speech on matters of public concern."  Included in these categories is: "[a]rranging the chairs in front of their home" and "Decorating the front of their home with Christmas decorations and lights."  It is impossible to see how "arranging chairs" express an idea or convey a message.  Similarly, it is difficult to see what idea or message, within the context of

---

[1] Codified and available at www.municode.com.

First Amendment protection, is accomplished by "Christmas decorations and lights."

Thus, to the extent Count III attempts to rely on these categories, those categories must be stricken and dismissed.

*V. The Cozzis fail to make out a <u>Monell</u> claim against the Village with respect to the First Amendment (Count IV).*

The Cozzis bring two counts related to the First Amendment in Counts III and IV. Count III indicates it is against "All Defendants." Count IV contends that it is a policy claim against the Village but then fails to sufficiently allege a *Monell* claim. It is not clear what purpose Count IV serves.

In any event, it should be dismissed as it does not make out a *Monell* claim. To make out a Monell claim, the Cozzis must first allege that they suffered a constitutional injury. See <u>Thompson v. Boggs</u>, 33 F.3d 847, 859 (7th Cir. 1994). A municipality may be liable under §1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well-settled; or (3) an official with final policy-making authority. <u>Thomas v. Cook County Sheriff's Department</u>, 604 F.3d 293, 303 (7th Cir. 2010). To impose liability on a municipality based on *Monell*, the municipality's policy must be "the moving force" behind the plaintiff's constitutional injury. <u>Thomas</u>, 604 F.3d at 306. To survive a motion to dismiss, Roldan "must plead factual content that allows the [C]ourt to draw a reasonable inference" with respect to *Monell*. <u>McCauley v. City of Chicago</u>, 671 F.3d 611, 616-617 (7th Cir. 2011). Boilerplate

allegations entirely lacking in any factual support that a municipal policy does exist are insufficient and must be dismissed. McTigue v. City of Chicago, 60 F.3d 381, 382-383 (7th Cir. 1995).

A. *Express Policy*

There does not appear to be any allegations of express policy, boilerplate or otherwise.

B. *Final Policymaker*

"The fact that a particular official – even a final policymaking official – has discretion in the exercise of particular functions does not, without more, give rise to a municipal liability based on an exercise of that discretion." Pembaur v. City of Cincinnati, 475 U.S. 469, 481-482 (1986). Rather such an official also must be responsible for establishing final government policy on a particular issue. Id. at 482-83. The question is not whether an official is a policymaker on all matters for the municipality but whether he is a policymaker "in a particular area, or on a particular issue." Kujawski v. Bd. Of Comm'rs of Bartholomew County, Ind., 183 F.3d 734, 738 (7th Cir. 1999).

In this instance the Cozzis repeatedly allege generally that Mayor Serpico is the "final policymaker" but they do not provide any further detail. See Dkt. No. 14, ¶9, 144. But then they seem to go out of their way to expressly state that Mayor Serpico does *not* have authority by alleging in Paragraph 145: "Defendant Serpico's duties as Mayor are executive, not legislative. He has no legal authority to make up laws on his own to promulgate municipal violations in [the Village]." The only other

allegations they make related to a "policy" of exercising Mayor Serpico's "improper animus" but that's a phrase used in relation to an equal protection "class-of-one" theory and does not seem to have any applicability with respect to the First Amendment in this case. See Dkt. No. 14, ¶148 (a). They also list a string of titles "Director of Code Enforcement" and "officers of the code enforcement division," but, like with Mayor Serpico, fail to provide any support or allegations related to them being policymakers.

The Cozzis cannot proceed under the policymaker provision of *Monell*.

### C. Pattern or Practice

With respect to a widespread pattern or practice, the Cozzis make allegations as to a de facto custom or policy as well as a failure to train and supervise. These allegations also fail to establish a *Monell* claim.

### 1. Custom or Policy

"To succeed on a de facto custom theory, the plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents. At the pleading stage, then, a plaintiff pursuing this theory must allege facts that permit the inference that the practice is so widespread so as to constitute a governmental custom." Gill v. City of Milwaukee, 850 F.3d 335, 344 (7th Cir. 2017). There must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Lanigan v. Vill. of E. Hazel Crest, Ill., 110 F.3d 467, 479 (7th Cir. 1997). Again, boilerplate allegations are insufficient. McTigue v. City of Chicago, 60 F.3d 381, 382-383 (7th Cir. 1995).

In this regard the Cozzis allege a custom or practice of citations, parking tickets, threats and liens. But this is just a general statement and summary of their own personal allegations with the words "custom and policy" placed in front of it and does not make out a pattern or practice that provides a causal link between the municipal policy or custom and the deprivation. See Phelan v. Cook County, 463 F.3d 773, 790 (7th Cir. 2006)(the conduct must be widespread to constitute a policy); Cosby v. Ward, 843 F.2d 967, 983 (7th Cir. 1988)(there must be more than one instance to state a policy); Gable v. City of Chicago, 296 F.3d 531, 538 (7th Cir. 2002)(three incidents was not enough to establish widespread practice); See also Golemine, Inc. v. Merrillville, 2011 U.S. Dist. LEXIS 15166, *20-21, Case No. 08 CV 145 (Rodovich, N.D. Ind. 02/14/2011)(referring to *Phelan* and *Cosby* in holding that a series of harassing activities and baseless nuisance tickets to one business was insufficient to establish a widespread pattern or custom).

   *2. Failure to Train or Supervise*

   With respect to failure to train, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." See Connick v. Thompson, 563 U.S. 51, 61 (2011). This "failure to train" must rise to the level of "deliberate indifference" to rise to the level of of "policy or custom" necessary to impute liability under Monell. Id. At 61. "[D]eliberate indifference is a stringent standard of fault requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. In applying that standard, "[a] pattern of similar constitutional violations by untrained employees is

'ordinarily necessary' to demonstrate deliberate indifference for failure to train."
Thomas v. Cook County Sheriff's Department, 604 F.3d 293, 303 (7th Cir. 2009).
This same standard applies for a failure to discipline or supervise.  See Ruiz-Cortez
v. City of Chicago, 931 F.3d 592, 599 (7th Cir. 2019). Courts routinely dismiss
conclusory failure-to-train claims.  Macaluso v. City of Chicago, 2015 WL 7008140
*4 (N.D. Ill. Nov. 7, 2015; Gottschall, J.)(collecting cases).

In this case, the Cozzis have allegations related to "bogus tickets"
interspersed with "exigent circumstances."  This must be a mistaken copy and paste
from Cozzis' counsel from another complaint.  "Exigent circumstances" are not at
issue in this case and this is the only place they are mentioned. See Dkt. No. 14,
¶148 (b).  The only other allegation related to failure to train or supervise is
boilerplate and simply states: "a policy, practice, or custom of failing to properly
train, supervise, discipline, transfer, monitor, counsel and otherwise control officers
in its employ."  See Dkt. No. 14, ¶148(c).  This generic clause is not sufficient to
survive a motion to dismiss.

Count IV must be dismissed for failure to make out a *Monell* claim.

WHEREFORE, Defendants respectfully request that its partial motion to dismiss be granted and that: (a) the "Department of Administrative Hearings" and Department of Code Enforcement" be dismissed with prejudice from Counts I through III; (b) that Count II be stricken and dismissed to the extent it relies on damage to reputation as a deprivation of liberty; (c) that Mayor Serpico be dismissed from Count II; (d) that Count III be stricken and dismissed to the extent it contends the "arranging of chairs" and "Christmas decorations and lights" are First Amendment protected speech; and (e) Count IV be dismissed.

Respectfully submitted,
Defendants

By: */s/ Cynthia S. Grandfield*
   Cynthia S. Grandfield

K. Austin Zimmer
Cynthia S. Grandfield (ARDC No. 6277559)
DEL GALDO LAW GROUP, LLC
grandfield@dlglawgroup.com
(312) 222-7000 (t)
*Please direct all mailings to:*
1441 S. Harlem Avenue
Berwyn, Illinois 60402