UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL COZZI, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 21 CV 00998 |
| | ) | |
| VILLAGE OF MELROSE PARK, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR AN ABEYANCE OR EXTENSION OF TIME TO ANSWER THE REMAINDER OF THE AMENDED COMPLAINT PENDING A RULING ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

NOW COME the Defendants, the VILLAGE OF MELROSE PARK and Mayor RONALD SERPICO by and through their attorney Cynthia S. Grandfield of Del Galdo Law Group, LLC and in support of its motion argue:

Most district courts have concluded that a party does not need to file an answer while a partial motion to dismiss is pending. For example, in Brocksopp Engineering, Inc. v. Bach–Simpson Ltd., 136 F.R.D. 485 (E.D.Wis.1991), multiple defendants joined in a motion to dismiss. One of the defendants did not join on all counts of the complaint and the plaintiff moved for a default judgment against that defendant for the counts on which they had failed to join. The court held that a partial 12(b) motion extended the time to answer all counts of the complaint and not merely those which were subject to the motion. Id. At 486–487. In Business Incentives Co. v. Sony Corp. of America, 397 F.Supp. 63 (S.D.N.Y.1975) defendants filed a motion to dismiss seven of nine counts with the remaining counts going

1

unchallenged. The plaintiffs filed a motion for summary judgment on the remaining counts for failure to answer. The court held that defendant's time to answer was "automatically ... extended by its Rule 12(b)(6) motion." Id. at 64, 65.

Legal commentators have suggested that not reading Fed. R. Civ. P. 12(a) as extending the time to answer, in the presence of a partial Rule 12(b) motion, is inefficient since it would result in possibly duplicative sets of pleadings in the event that the 12(b) motion is denied and could cause confusion over the proper scope of discovery during the motion's pendency. Brocksopp, 136 F.R.D. at 486–487, *citing* 5A Wright & Miller, Federal Practice and Procedure, Civil 2d § 1346, at p. 181 (1990).

Neither the Seventh Circuit nor any federal district court have directly addressed this issue to Defendants' knowledge. However, most district courts have determined that the answer to the remainder of the complaint be held in abeyance while the partial motion to dismiss is pending. See In re Vaughan Co., Realtors, 2012 WL 3166721, at *11 (Bankr. D. N.M. Aug. 2, 2012) ("The large majority of courts addressing this issue have held that when a defendant timely files a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., Rule 12(a)(4)(A) extends the time to file an answer as to all claims, including those not addressed by the motion to dismiss ... This Court agrees with that holding."); ThermoLife Intern. LLC v. Gaspari Nutrition Inc., 2011 WL 6296833 (D. Ariz. Dec. 16, 2011) (holding that a partial motion to dismiss tolls the time to respond to all claims under Rule 12(a)(4)); Gortat v. Capala Bros. Inc., 257 F.R.D. 353 (E.D.N.Y. 2009) (filing a partial

2

motion to dismiss suspends the time to answer claims or counterclaims hot subject to the motion under Rule 12(a)(4)); Kent v. Green, 2008 WL 150060 (D. Colo. Jan. 11, 2008) (filing a Rule 12(b) motion alters the deadline to respond to a complaint); Beaulieu v. Board of Trustees of University of West Florida, 2007 WL 2020161 (N.D. Fla. Jul. 9, 2007) (holding that a partial motion to dismiss extends the time to file a responsive pleading on unchallenged claims pursuant to Rule 12(a) (4)); Shah v. KIK Intern. LLC, 2007 WL 1876449 (N.D. Ind. June 26, 2007) (Rule 12(a)(4) applies to claims not challenged in a partial motion to dismiss); Ideal Instruments Inc. v. Rivard Instruments Inc., 434 F. Supp. 2d 598 (N.D. Iowa 2006) (same); Bertaut v. Parish of Jefferson, 2002 WL 31528468 (E.D. La. Nov. 8, 2002) (same); Finnegan v. Univ. of Rochester Medical Ctr., 180 F.R.D. 247 (W.D.N.Y. 1998) (same); Oil Express Nat'l Inc. v. D'Alessandro, 173 F.R.D. 219 (N.D. Ill. 1997) (same); Brocksopp Engineering Inc. v. Bach-Simpson Ltd., 136 F.R.D. 485 (E.D. Wis. 1991) (same).

    In this case, the Defendants are moving to dismiss certain defendants with respect to certain counts, partially dismiss allegations related to Due Process and the First Amendment that are interwoven in the complaint, and entirely dismiss Count IV.  Further, the Plaintiffs could potentially exercise their right to amend pursuant to Fed. R. Civ. P. 15(a)(1)(B) in response to the motion.  Holding the answer to the remainder of the complaint in abeyance pending decision on the partial motion to dismiss prevents piecemeal and duplicative pleadings.

WHEREFORE, the Defendants respectfully request that their motion be granted and the answer to the remainder of the amended complaint be held in abeyance or extended until the partial motion to dismiss is ruled upon.

                Respectfully submitted,
                Defendants

                By: */s/ Cynthia S. Grandfield*
                    Cynthia S. Grandfield

K. Austin Zimmer
Cynthia S. Grandfield (ARDC No. 6277559)
DEL GALDO LAW GROUP, LLC
grandfield@dlglawgroup.com
(312) 222-7000 (t)
*Please direct all mailings to:*
1441 S. Harlem Avenue
Berwyn, Illinois 60402