UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL COZZI, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 21 CV 00998 |
| | ) | |
| VILLAGE OF MELROSE PARK, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## Alternate Proposed Discovery Protocol

1. With respect to Facebook, Instagram and, Snapchat, Plaintiff shall login using his credentials and download all data. The data shall then be reviewed for responsive posts from July 31, 2020 to present.

2. With respect to TikTok, Plaintiff shall login using his credential and screen capturing software shall be used to capture the data produced on the screen. The data shall then be reviewed for responsive posts from July 31, 2020 to present.

3. With respect to video, all video must be produced in its native format so that the properties of the video, including date and time of recording and any editing of same, are viewable to the extent available and all metadata, including but not limited to GPS data, EXIF data, and XMP data. A manual search shall be conducted for all responsive videos.

4. With respect to all email, a search for all emails related to the topics identified shall be conducted and all emails downloaded in native format or in the most reasonably accessible format that demonstrates the sender, recipient, date and time. Depending on the volume of emails, the Village suggests if the amount of emails to search is not high to

1

EXHIBIT 2

simply conduct a manual search. The Village also offers the following suggested search terms: (a) Village; (b) Mayor; (c) Melrose; (d) citations; (e) chairs; (f) Serpico; (g) police; (h) Code Enforcement; (i) Billy; (j) Campanelli; (k) continuance; (l) fines; (m) lien; (n) hearing officer; (o) Melrose Park; (p) VMP; (q) "Village of Melrose Park"

5. All video and social media responsive documents and data shall be copied, processed, and produced in a forensically sound method that alters the native format and other properties as little as possible. Use of Google shall not be permitted as Google allows and provides for the alteration and deletion of certain metadata.

6. Prior to turning over responsive documents and data for the requests for production at issue, Michael Cozzi's counsel shall review all documents and data for privilege. To the extent any privileged material is returned in the search, Cozzi's counsel shall produce a privilege log.

7. Prior to performing a search of relevant social media, Michael Cozzi shall identify and un "hide" all posts to the independent custodian to ensure all relevant posts are produced. A list of all un "hidden" posts that are responsive shall be provided to the Village upon production of same.

8. Michael Cozzi's cellphone(s), laptop, computer, or any other digital device shall also be reviewed for any responsive data or documents to the requests at issue. This shall include any and all deleted data to the extent that it is responsive and accessible without the use of extraordinary methods. Any and all data recovered that is responsive shall be copied and processed using a tool accepted by US Courts such as Magnet Axiom.

9. Michael Cozzi shall produce an affidavit identifying that production is complete and identifying what was utilized. With respect to email, Michael Cozzi shall identify what search terms and methods were used to conduct the search and ensure that all relevant email was produced.

EXHIBIT 2

3

                Respectfully submitted,

              By: */s/ Cynthia S. Grandfield*
                   Cynthia S. Grandfield


K. Austin Zimmer
Cynthia S. Grandfield (ARDC No. 6277559)
DEL GALDO LAW GROUP, LLC
grandfield@dlglawgroup.com
(312) 222-7000 (t)
*Please direct all mailings to:*
1441 S. Harlem Avenue
Berwyn, Illinois 60402

EXHIBIT 2