

## Estate & Probate Legal Group

Phone: 630-687-9100 | 915 Harger Road, Suite 301, Oak Brook, IL 60523

www.EstateAndProbateLegalGroup.com

April 19, 2023

Hon. Judge Steven C. Seeger
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn St., Rm. 2378
Chicago, IL 60604

      Re:    **Cozzi v. Village of Melrose Park et al.**
                **Cause No. 1:21-CV-00998**

Dear Judge Seeger,

Our law firm was retained by Michael Cozzi and Vincent Valente to represent Vincent Valente as the successor independent executor of the Estate of Angeline Cozzi (who died on November 18, 2022). Her probate estate is pending before the Probate Division of the Circuit Court of Cook County as Cause No. 2022P1595. This letter is written with the hope of providing some guidance or clarification as to the probate process and how it affects the above-referenced lawsuit.

On March 15, 2023, the Probate Division appointed Vincent Valente the independent executor of the estate of Angeline Cozzi, because he was specifically named as the successor executor after her son, Michael Cozzi. Michael is statutorily unqualified to act as an executor, pursuant to 755 ILCS 5/9-1. On the same day, the Clerk's Office issued letters of office to Vincent, stating that he is "authorized to take possession of and collect the estate of the decedent and to all acts requires by law." I am happy to provide more copies of Vincent's letters of office for the Court's review.

The substitution of Angeline Cozzi, as a plaintiff, with a representative of her estate is authorized both by the Illinois Probate Act of 1975 and well-settled Illinois case law. See, e.g., Mareskas-Palcek v. Schwartz, Wolf, & Bernstein, LLP, 2017 IL App (1st) 162746, ¶32 (confirming that "estates are not natural or artificial persons and lack legal capacity to sue or be sued," and thus require the appointment of a representative) (internal cites omitted). Only an executor or administrator of a decedent's estate can bring a suit on behalf of the decedent's estate. Id. at ¶34.

The Probate Act further provides that a decedent has a property interest in a cause of action, and that all property belonging to the decedent at the time of death now belongs to the decedent's estate, so that any property derived from a suit can pass to the beneficiaries of the estate, either via intestacy or through a will. See 755 ILCS 5/4-13 ("Every will when admitted to probate as provided

by this Act is effective to transfer the real and personal estate of the testator bequeathed in that will").

In summary, as the dully-appointed representative, Vincent Valente now stands in privity with Angeline's estate, and is authorized by state law to file lawsuits, or collect proceeds therefrom, on behalf of, and for the benefit of the estate of Angeline Cozzi.

Regarding the other now-deceased plaintiff, Vincent Cozzi, no representative has yet been appointed on behalf of his estate. Neither of my clients, Mike Cozzi or Vincent Valente, are legally able to be the administrator of Vincent's estate. Mike Cozzi is statutorily ineligible to act as an administrator, and Vincent Valente, as a nephew, does not have standing to act or nominate an administrator, pursuant to 755 ILCS 5/9-3, because the Cozzis have two other living adult children who take priority over him, namely Vincent Cozzi Jr. and Joe Cozzi. If an administrator of Vincent's estate is to be appointed, that task will have to be taken on by those living children who are qualified and willing to act. Both Vincent Cozzi Jr. and Joe Cozzi are represented by counsel. I cannot comment as to whether they are planning, or have started, the probate process for Vincent's estate.

Please let me know if there is any additional information I can provide to the Court. Thank you.

Sincerely,

**Philip A. May**
Attorney at Law